UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| **NORA Y. ORTIZ**, | ) | |
| | ) | |
| Plaintiff, | ) | **No: 18 CV 4619** |
| | ) | |
| vs. | ) | **Jury Demand** |
| | ) | |
| **GREENCORE, USA, LLC.**, | ) | |
| | ) | |
| Defendant. | ) | |

**AS AND FOR A FIRST CAUSE OF ACTION**
**(42 USC §1981 *et seq*-RACE DISCRIMINATION)**

**Nature of the Action**

1**.** This is an action under 42 USC §1981, for the Defendant, **CABOT GREENCORE, USA, LLC.,** ("GREENCORE") having subjected Plaintiff, **NORA Y. ORTIZ**, hereinafter ("ORTIZ" or "Plaintiff") to race discrimination (disparate treatment).

**JURISDICTION AND VENUE**

2. Jurisdiction of this Court is invoked by 42 USC §1981 *et seq*., 42 USC §1983 et seq., and 28 U.S.C. Sections §1331 and 28 USC §1343.

3. The employment practice hereinafter alleged to be unlawful where and is now being committed in the Northern District of Illinois Central Division and venue is proper pursuant to 28 USC §1391(b).

**PARTIES**

4. ORTIZ is an Hispanic female from Puerto Rico who is a resident of Itasca, DuPage County, Illinois.

5. ORTIZ was an employee of Defendant GREENCORE hired as a Production Supervisor during the period from November 16, 2015, until March 27, 2017 when ORTIZ was wrongfully terminated.

6. At all times relevant, GREENCORE, has been and is a foreign corporation organized under the laws of Delaware and doing business in Illinois was ORTIZ'S employer.

7. The causes of action against GREENCORE arise under 42 USC §1981.

## FACTUAL ALLEGATIONS

8. The history of ORTIZ'S employment shows when she was terminated from employment, other non-Hispanic, non-Puerto Ricans, were not treated to the same excessive discipline for similar conduct.

9. Treating Hispanic, Puerto Ricans differently in work performance than non-Hispanic, non-Puerto Ricans was a regular practice of GREENCORE.

10. All of ORTIZ'S performance was at least the minimum work performance required by GREENCORE however, because of her being Hispanic, Puerto Rican, she was held to a higher standard of performance than non-Hispanic, non-Puerto Ricans.

11. On or about March 27, 2017, ORTIZ was notified that she was terminated for her performance.

12. GREENCORE's by actions or actions of its agents reporting to GREENCORE unreasonably interfered with the terms and conditions of Plaintiff's employment treating her differently in discipline than those that were not Hispanic, non-Puerto Rican, namely, Taek Won and Lance Ellis.

13. By committing the above alleged acts, GREENCORE violated 42 USC §1981 *et seq*.

14. GREENCORE's actions reflect a policy, custom or pattern of official conduct of engaging in and condoning discrimination against individual based upon race.

15. The conduct alleged herein constitutes a pattern, custom and practice of discrimination against Hispanic, Puerto Ricans based upon their race. This conduct constitutes an official policy or custom of GREENCORE, which has adversely affected ORTIZ and violated her rights to make and enforce contracts and the enjoyment of all the benefits, privileges, terms and conditions of the contractual relationships, under 42 U.S.C. § 1981.

16. GREENCORE is responsible for the acts of its supervisors who are acting within the scope of their employment and pursuant to a policy, custom, and/or pattern of race discrimination.

17. Defendants' violations of 42 USC §1981 *et seq*. of the race discrimination and disparate treatment proximately caused ORTIZ to suffer loss of employment, loss of income, loss of monetary benefits, mental stress, and emotional pain and suffering.

18. Further, said action on the part of the Defendant was done with malice and reckless disregard for Plaintiff's protected rights.

WHEREFORE, Plaintiff NORA Y. ORTIZ, seeks the following relief as to the First Cause of Action of her Complaint:

    A. Entry of judgment in NORA Y. ORTIZ's favor against the Defendant for its violations of Plaintiff's Section 1981 *et seq*;

    B. Reinstatement to her former position with Defendant GREENCORE with full salary, seniority and benefits that he would have attained had he not been unlawfully discharged;

C. Judgment against the Defendants for all salary, wages, and benefits that ORTIZ would have received, but for her wrongful termination, including, but not limited to back pay, front pay, past and future pecuniary losses, and prejudgment interest;

D. Judgment for compensatory damages against the Defendant, in an amount to be determined at trial;

E. An award of costs of this action against the Defendant including reasonable attorneys fees in accordance with 42 USC §1988;

F. An order requiring Defendants to remove any and all negative information from ORTIZ'S personnel file and employment records and to correct or withdraw and such information that previously has been communicated or disseminated to any public agency, licensing or regulatory board, or third party relating to ORTIZ and to refrain from communicating or disseminating any such negative information in the future;

G. A permanent injunction preventing Defendant from further violations of ORTIZ'S rights under Section 1981 *et seq*.; and

H. Such other relief as this Court may deem just and equitable.

NORA Y. ORTIZ

BY:**/s/ Michael T. Smith**
Michael T. Smith
Trial Attorney

Michael T. Smith 6180407IL
10 N. Martingale Road
Schaumburg, Illinois 60172
(847) 466-1099