IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| NORA Y. ORTIZ, | ) | |
| | ) | |
| Plaintiff, | ) | No. 1:18-cv-04619 |
| v. | ) | |
| | ) | Judge Elaine E. Bucklo |
| GREENCORE, USA, LLC, | ) | Magistrate Judge Mary M. Rowland |
| | ) | |
| Defendant. | ) | |

**DEFENDANT'S ANSWER AND AFFIRMATIVE/
ADDITIONAL DEFENSES TO PLAINTIFF'S COMPLAINT**

Defendant, Greencore USA, LLC, by and through its counsel, provides the following Answer and Affirmative/Additional Defenses to Plaintiff's Complaint:

**NATURE OF ACTION**

1. This is an action under 42 USC §1981, for the Defendant, **CABOT GREENCORE, USA, LLC.,** ("GREENCORE") having subjected Plaintiff, **NORA Y. ORTIZ**, hereinafter ("ORTIZ" or "Plaintiff") to race discrimination (disparate treatment).

**ANSWER**: Defendant admits that Plaintiff purports to bring the claim identified in this Paragraph pursuant to 42 U.S.C. § 1981 ("Section 1981"), but denies that such claim has any merit. Except as specifically admitted, Defendant denies the allegations in this Paragraph.

**JURISDICTION AND VENUE**

2. Jurisdiction of this Court is invoked by 42 USC §1981 *et seq*., 42 USC §1983 et seq., and 28 U.S.C. Sections §1331 and 28 USC §1343.

**ANSWER**: Defendant admits the allegations in this Paragraph.

3. The employment practice hereinafter alleged to be unlawful where and is now being committed in the Northern District of Illinois Central Division and venue is proper pursuant to 28 USC §1391(b).

**ANSWER**: Defendant admits that venue is proper in the Northern District of Illinois, Eastern Division, pursuant to 28 U.S.C. § 1391. Except as specifically admitted, Defendant denies the allegations in this Paragraph.

## PARTIES

4. ORTIZ is an Hispanic female from Puerto Rico who is a resident of Itasca, DuPage County, Illinois.

**ANSWER**: Defendant admits, on information and belief, that Plaintiff is a Hispanic female. Defendant lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this Paragraph. Except as specifically admitted, Defendant denies the allegations in this Paragraph.

5. ORTIZ was an employee of Defendant GREENCORE hired as a Production Supervisor during the period from November 16, 2015, until March 27, 2017 when ORTIZ was wrongfully terminated.

**ANSWER**: Defendant admits that it hired Plaintiff as a Production Supervisor, that Plaintiff's first day of employment in that role was November 16, 2015, and that the effective date of her termination was on or about April 13, 2017. Except as specifically admitted, Defendant denies the allegations in this Paragraph.

6. At all times relevant, GREENCORE, has been and is a foreign corporation organized under the laws of Delaware and doing business in Illinois was ORTIZ'S employer.

**ANSWER**: Defendant admits the allegations in this Paragraph.

7. The causes of action against GREENCORE arise under 42 USC §1981.

**ANSWER**: Defendant admits that Plaintiff is attempting to assert a claim under Section 1981, but denies that such claim has any merit. Except as specifically admitted, Defendant denies the allegations in this Paragraph.

## FACTUAL ALLEGATIONS

8. The history of ORTIZ'S employment shows when she was terminated from employment, other non-Hispanic, non-Puerto Ricans, were not treated to the same excessive discipline for similar conduct.

**ANSWER**: Defendant denies the allegations in this Paragraph.

9. Treating Hispanic, Puerto Ricans differently in work performance than non-Hispanic, non-Puerto Ricans was a regular practice of GREENCORE.

**ANSWER**: Defendant denies the allegations in this Paragraph.

10. All of ORTIZ'S performance was at least the minimum work performance required by GREENCORE however, because of her being Hispanic, Puerto Rican, she was held to a higher standard of performance than non-Hispanic, non-Puerto Ricans.

**ANSWER**: Defendant denies the allegations in this Paragraph.

11. On or about March 27, 2017, ORTIZ was notified that she was terminated for her performance.

**ANSWER**: Defendant admits that on or about April 13, 2017, Defendant terminated Plaintiff's employment. Except as specifically admitted, Defendant denies the allegations in this Paragraph.

12. GREENCORE's by [sic] actions or actions of its agents reporting to GREENCORE unreasonably interfered with the terms and conditions of Plaintiff's employment treating her differently in discipline than those that were not Hispanic, non-Puerto Rican, namely, Taek Won and Lance Ellis.

**ANSWER**: Defendant denies the allegations in this Paragraph.

13. By committing the above alleged acts, GREENCORE violated 42 USC §1981 *et seq*.

**ANSWER**: Defendant denies the allegations in this Paragraph.

14. GREENCORE's actions reflect a policy, custom or pattern of official conduct of engaging in and condoning discrimination against individual based upon race.

**ANSWER**: Defendant denies the allegations in this Paragraph.

15. The conduct alleged herein constitutes a pattern, custom and practice of discrimination against Hispanic, Puerto Ricans based upon their race. This conduct constitutes an official policy or custom of GREENCORE, which has adversely affected ORTIZ and violated

her rights to make and enforce contracts and the enjoyment of all the benefits, privileges, terms and conditions of the contractual relationships, under 42 U.S.C. § 1981.

**ANSWER**: Defendant denies the allegations in this Paragraph.

16. GREENCORE is responsible for the acts of its supervisors who are acting within the scope of their employment and pursuant to a policy, custom, and/or pattern of race discrimination.

**ANSWER**: Defendant denies the allegations in this Paragraph.

17. Defendants' violations of 42 USC §1981 *et seq*. of the race discrimination and disparate treatment proximately caused ORTIZ to suffer loss of employment, loss of income, loss of monetary benefits, mental stress, and emotional pain and suffering.

**ANSWER**: Defendant denies the allegations in this Paragraph.

18. Further, said action on the part of the Defendant was done with malice and reckless disregard for Plaintiff's protected rights.

**ANSWER**: Defendant denies the allegations in this Paragraph.

WHEREFORE, Plaintiff NORA Y. ORTIZ, seeks the following relief as to the First Cause of Action of her Complaint:

A. Entry of judgment in NORA Y. ORTIZ's favor against the Defendant for its violations of Plaintiff's Section 1981 et seq;

B. Reinstatement to her former position with Defendant GREENCORE with full salary, seniority and benefits that he would have attained had he not been unlawfully discharged;

C. Judgment against the Defendants for all salary, wages, and benefits that ORTIZ would have received, but for her wrongful termination, including, but not limited to back pay, front pay, past and future pecuniary losses, and prejudgment interest;

D. Judgment for compensatory damages against the Defendant, in an amount to be determined at trial;

E. An award of costs of this action against the Defendant including reasonable attorneys' fees in accordance with 42 USC §1988;

F. An order requiring Defendants to remove any and all negative information from ORTIZ'S personnel file and employment records and to correct or withdraw and such information that previously has been communicated or disseminated to any public agency, licensing or regulatory board, or third party relating to ORTIZ and to refrain from communicating or disseminating any such negative information in the future;

G. A permanent injunction preventing Defendant from further violations of ORTIZ'S rights under Section 1981 et seq.; and

H. Such other relief as this Court may deem just and equitable.

**ANSWER**: Defendant admits that Plaintiff purports to seek the relief identified in this Paragraph, but denies that she has any entitlement to the same. Defendant denies further that Plaintiff is entitled to any form of relief whatsoever.

**AFFIRMATIVE AND/OR ADDITIONAL DEFENSES**

FIRST AFFIRMATIVE/ADDITIONAL DEFENSE

Plaintiff's damages claims are barred to the extent Plaintiff failed to mitigate her alleged damages.

SECOND AFFIRMATIVE/ADDITIONAL DEFENSE

Plaintiff's claims are subject to the statutory damages caps set forth in 42 U.S.C. § 1981a.

THIRD AFFIRMATIVE/ADDITIONAL DEFENSE

Plaintiff has failed to plead, and cannot establish a basis for, any form of damages, including without limitation punitive damages.

**WHEREFORE**, Defendant, Greencore USA, LLC, respectfully requests that judgment be entered in its favor and against Plaintiff, dismissing Plaintiff's Complaint in its entirety with prejudice, awarding Defendant its reasonable attorneys' fees, costs and disbursements, and granting such other and further relief as the Court may deem just and proper.

Dated: August 10, 2018

*/s/* William J. Wortel
One of the Attorneys for Defendant,
Greencore USA, LLC

William J. Wortel
Patrick M. DePoy
BRYAN CAVE LEIGHTON PAISNER LLP
161 North Clark Street
Suite 4300
Chicago, Illinois  60601
(312) 602-5000
(312) 602-5050 (facsimile)
bill.wortel@bclplaw.com
patrick.depoy@bclplaw.com

## CERTIFICATE OF SERVICE

I, William J. Wortel, one of the attorneys for Defendant, certify that on August 10, 2018, I caused a copy of the foregoing *Defendant's Answer and Affirmative/Additional Defenses to Plaintiff's Complaint,* to be served upon the following individual via the Court's electronic filing system:

>Michael T. Smith
>10 N. Martingale Road
>Schaumburg, Illinois 60172
>Msmith39950@aol.com

>>*/s/* William J. Wortel
>>     William J. Wortel